**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Wayne Swingle,<br><br>                    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>                    Defendant. | No. CV-15-00836-PHX-DGC<br><br>**ORDER** |

Plaintiff Jeremy Wayne Swingle seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.[1]

**I.    Background.**

Plaintiff, a 36-year-old male, has a GED and previously worked as a retail clerk, a mechanic helper, and a metal fabricating shop helper. On January 10, 2008, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning May 15, 2006. On February 17, 2011, he first appeared with his

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

attorney and testified at a hearing before the ALJ. A vocational expert also testified. On February 25, 2011, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. On March 8, 2012, the Appeals Council vacated the ALJ's hearing decision and remanded for further proceedings. On July 12, 2013, Plaintiff appeared with his attorney and testified at a second hearing. A vocational expert also testified. On August 12, 2013, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.

## II.     Legal Standard.

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations omitted). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* (citations omitted). In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citations omitted). As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

**III.     The ALJ's Five-Step Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2009, and that he has not engaged in substantial gainful activity since May 15, 2006. At step two, the ALJ found that Plaintiff has the following severe impairments: bipolar disorder, anxiety disorder, hypogonadism, and a history of adrenal insufficiency. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that, in relevant part, Plaintiff has the mental RFC to:

understand, remember and carry out simple instructions. He has moderate limitations interacting appropriately with supervisors and responding appropriately to usual work situations and changes in a routine work setting, with moderate meaning more than a slight limitation in this area but the individual can generally function well.

The ALJ further found that Plaintiff is unable to perform any of his past relevant work. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including light and unskilled occupations, such as cashier, merchandise marker, or routing clerk.

**IV.     Analysis.**

Plaintiff argues that the ALJ's decision is defective for two reasons: (1) it selectively relied on portions of Dr. William Allison's medical opinion that supported a finding of non-disability, and (2) in formulating Plaintiff's mental RFC, it failed to account for limitations in concentration, persistence, or pace.

**A.     The ALJ Did Not Selectively Rely on Dr. Allison's Medical Opinion.**

Plaintiff argues that the ALJ erred by effectively rejecting the portion of Dr. Allison's assessment that Plaintiff "would not be able to maintain *consistent* employment." Doc. 22 at 11-12 (emphasis in original). Plaintiff characterizes this as "cherry-pick[ing]" portions of Dr. Allison's assessment that support a finding of non-disability, while ignoring portions that do not. *Id.* at 13.

As an initial matter, Plaintiff mischaracterizes Dr. Allison's opinion on this point. Dr. Allison opined that Plaintiff "would not maintain consistent *attendance*." A.R. 1669 (emphasis added). He did not opine that Plaintiff "would not be able to maintain consistent *employment*." Doc. 22 at 11-12 (emphasis in original omitted; new emphasis added). Even if Dr. Allison had opined that Plaintiff could not maintain employment, the Commissioner would not be required to afford that opinion any deference. *See* 20 C.F.R. § 416.927(d)(1) ("A statement by a medical source that [Plaintiff is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [Plaintiff is]

- 4 -

disabled."). The Court must therefore consider whether the ALJ adequately accounted for Dr. Allison's statement that Plaintiff would not maintain consistent attendance.

Plaintiff contends that "[b]y ignoring that portion of [Dr. Allison's] assessment, the ALJ effectively rejected it." Doc. 22 at 12. In support, Plaintiff cites *Garrison v. Colvin* for the proposition that "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive." 759 F.3d 995, 1012-13 (9th Cir. 2014). This is indisputably true, but the ALJ did not ignore Dr. Allison's opinion or afford it little weight. The ALJ devoted three paragraphs of his decision to Dr. Allison's opinion and ultimately afforded it "greater weight." A.R. 36. The ALJ clearly did not ignore it or provide no explanation as in *Garrison*.

Plaintiff next argues that the "ALJ's approach here mirrors that criticized by the Ninth Circuit" in *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). Doc. 22 at 13. In *Ghanim*, "the ALJ improperly cherry-picked some of [the examining physician's] characterizations of [Plaintiff's] rapport and demeanor instead of considering these factors in the context of [the examining physician's] diagnoses and observations of impairment." 763 F.3d at 1164. Plaintiff – rather than the ALJ – appears to be taking portions of Dr. Allison's opinion out of context. Plaintiff attempts to divorce Dr. Allison's statement that Plaintiff "would not maintain consistent attendance" from its context within the overall medical opinion. The statement at issue was a description made in support of Dr. Allison's assessment that Plaintiff's mental impairments impose mild-to-moderate limitations on his "ability to interact appropriately with supervision, co-workers, and the public, as well as respond to changes in the routine work setting." A.R. 1669. "Mild" means "[t]here is a slight limitation in this area, but the individual can generally function well." A.R. 1668. "Moderate" means "[t]here is more than a slight limitation in this area but the individual is still able to function satisfactorily." *Id*. Thus, Dr. Allison concluded that Plaintiff could function at least satisfactorily, and perhaps well, in his interactions with supervisors, co-workers, and the public. *See* A.R. 1669. His

- 5 -

statement that Plaintiff "would not maintain consistent attendance" was made in support of this assessment and cannot be pulled out of context to suggest a greater limitation. *Id.*

The ALJ accepted Dr. Allison's assessment that Plaintiff has both "mild limitations . . . interacting appropriately with the public and coworkers" and "moderate limitations responding appropriately to usual work situations and changes in a routine work setting and interacting appropriately with supervisors." A.R. 36. Because Dr. Allison's statement that Plaintiff "would not maintain consistent attendance" was used to justify these limitations, it was properly addressed in the ALJ's opinion. Although there may be other interpretations, this undoubtedly is a rational interpretation of the evidence that supports the ALJ's decision. It must therefore be upheld. *Thomas*, 278 F.3d at 954. Furthermore, as the Commissioner correctly points out (Doc. 25 at 8), mild and moderate non-exertional limitations such as depression have not been found to mandate a disability finding when not otherwise required by an exertional limitation. *See Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007) ("We have not previously held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation.").[2]

Finally, during the hearing, Plaintiff's counsel directly asked the vocational expert whether someone who could not maintain consistent attendance, as Dr. Allison opined, could maintain employment. A.R. 125. When the expert asked whether Dr. Allison had defined what he meant, Plaintiff's attorney responded in the negative and added his own gloss: "if you're telling me one day a month over time is going to lead to the inability to sustain [employment], would you agree that the inability to maintain consistent attendance would likewise lead to the inability to sustain [employment]?" *Id.* at 125-26. In response, the expert said "[w]ell, yes." *Id.* at 126. Plaintiff's counsel did not explain, however, that Dr. Allison's statement was made only in the portion of his opinion

---

[2] Because this rational interpretation of the evidence provides a sufficient basis on which to uphold the ALJ's decision, the Court finds it unnecessary to consider the Commissioner's arguments addressing Plaintiff's symptom exaggeration, Plaintiff's credibility, and conflict with other medical opinions. *See* Docs. 25 at 8-11; 26 at 3-5.

explaining that Plaintiff would have mild-to-moderate limitations, nor that someone with those limitations could, according to the definitions in the form Dr. Allison used, function well or satisfactorily. The Court concludes that the ALJ rationally concluded that this testimony from the vocational expert did not mandate a finding of disability. *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (concluding that testimony "has no evidentiary value" where "the failure to clarify [the claimant's] limitations left the vocational expert's testimony couched in somewhat ambiguous terms").

The Court concludes that the ALJ did not err by selectively relying on portions of Dr. Allison's medical opinion.

### B.     The ALJ Did Not Err in Formulating Plaintiff's Mental RFC.

Plaintiff contends that the ALJ committed legal error by failing "to account for acknowledged moderate limitations in abilities to maintain concentration, persistence, or pace" in formulating Plaintiff's mental RFC. Doc. 22 at 14.

Plaintiff states that "[t]he ALJ failed to account for acknowledged moderate *limitations* in abilities to maintain concentration, persistence, or pace." *Id.* (citing A.R. 28-29) (emphasis added). At step three, however, the ALJ found that "[w]ith regard to concentration, persistence or pace, the claimant has moderate *difficulties*." A.R. 28 (emphasis added). It is unclear whether the ALJ intentionally declined to characterize these as limitations, and whether the distinction matters. Even assuming that difficulties are equivalent to limitations, Plaintiff's argument fails.

Plaintiff correctly identifies limitations identified by the ALJ in step three that are not contained in the RFC assessment at steps four and five. These are "moderate limitations in abilities to maintain concentration, persistence, or pace." Doc. 22 at 14. Other than the statement that Plaintiff "can understand, remember and carry out simple instructions," the ALJ's mental RFC does not include mental limitations involving concentration, persistence, or pace. A.R. 29.

Limitations identified during step three of the sequential analysis, however, are not equivalent to limitations employed in the RFC at steps four and five. "The [ALJ] must

- 7 -

remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996); *see also Davis v. Astrue*, No. CV11-02043-VBK, 2012 WL 4848734, at *3 (C.D. Cal. Oct. 10, 2012) ("The existence of moderate limitations found at Steps Two and Three do not necessarily equate to a finding of a disabling RFC."). Thus, the fact that limitations that appeared in step three are absent from Plaintiff's mental RFC does not necessarily amount to error.

Plaintiff argues that the ALJ erred by failing to consider limitations on concentration, persistence, or pace. *See* Docs. 22 at 15; 26 at 7. The Court does not agree. The ALJ gave careful consideration to Plaintiff's mental limitations. A.R. 28-29. The discussion specifically included acknowledgment of difficulties in concentration, persistence, and pace. A.R. 28. The ALJ also found, however, that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible," and that "[m]entally, the claimant's alleged limitations are inconsistent with his reported level of functioning." A.R. 30-31. The ALJ further noted that Plaintiff obtained his GED in 2009, and provided an extensive discussion of Plaintiff's medical history, including his mental health conditions and treatment, noting that a number of providers found Plaintiff lacking in motivation and unwilling to work. A.R. 30-36 ("Despite signs of improvement, [a therapist at Verde Valley Guidance Clinic] noted that the claimant appeared 'to be content with not working at this time'"; Plaintiff "told his plain management specialist he was interested in being placed on long-term disability," which "demonstrates disability-seeking behavior and further undermines his credibility"). The ALJ concluded that Plaintiff's motivation "seems to be an issue here, as the claimant is able to actively engage in things he enjoys," including watching television shows, reading, or using the internet. A.R. 31. The ALJ's RFC did include some mental limitations with respect to Plaintiff's ability to interact with supervisors, respond to usual work situations, and respond to changes in routine, showing that the ALJ

1  did not disregard mental considerations when he formulated the RFC.  A.R. 29.

2        Given the ALJ's careful treatment of Plaintiff's mental health issues, the Court
3  cannot conclude that the ALJ erred by failing to include limitations on concentration,
4  persistence, or pace in the RFC.  The RFC "is the most [a claimant] can still do despite
5  [his] limitations."  20 C.F.R. § 404.1545(a)(1); *see also* SSR 96-8p, 1996 WL 374184, at
6  *2.  The Commissioner retains the ultimate responsibility for assessing a claimant's RFC.
7  20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2).  The ALJ was required to assess Plaintiff's
8  RFC based on all the record evidence, including medical sources, examinations, and
9  information provided by Plaintiff.  20 C.F.R. §§ 404.1545(a)(1)-(3), 416.945(a)(1)-(3).
10 The ALJ was not required to include all possible limitations in his assessment of what a
11 claimant can do, only "limitations that the ALJ found credible and supported by
12 substantial evidence in the record."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir.
13 2005).  The Court finds that the ALJ satisfied this requirement.

14       The Court concludes that the ALJ did not err by excluding certain limitations from
15 his formulation of Plaintiff's mental RFC.

16       **IT IS ORDERED** that the final decision of the Commissioner of Social Security
17 is **affirmed**.  The Clerk shall enter judgment accordingly and **terminate** this case.

18       Dated this 11th day of April, 2016.

*David G. Campbell*
United States District Judge